NEIL M. POPOWITZ, ESQ. (Bar No. 140634)
**RELAW, APC**
2535 Townsgate Road, Suite 207
Westlake Village, CA 91361
(805) 265-1031 (Telephone)
(805) 265-1032 (Facsimile)
neil@relawapc.com (Email)

Attorneys for Finest City Escrow

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

IN RE:

RETURN OF FUNDS SEIZED BY THE UNITED STATES OF AMERICA AND IDENTIFIED AS ASSET IDS 23-FBI-000004, 23-FBI-000005, 23-FBI-000006, 23-FBI-000007, AND 23-FBI-000008

Case No. **'23CV0646 AGS MSB**

Hon.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RETURN OF PROPERTY PURSUANT TO FRCP 41(G)**

Date:
Time:

This Court should grant FINEST CITY ESCROW, INC.'s (hereinafter "Finest City") motion for return of a total of $407,696.17 of the $407,700.00 U.S. Currency seized by the United States of America as follows:

| # | Asset ID | Asset Description |
|---|---|---|
| 1 | 23-FBI-000004 | Seizure No 3780230004; $56,700.00 in funds from Bank of America |
| 2 | 23-FBI-000005 | Seizure No 3780230005; $75,400.00 in funds from Bank of America |
| 3 | 23-FBI-000006 | Seizure No 3780230006; $100,300.00 in funds from Bank of America |
| 4 | 23-FBI-000007 | Seizure No 3780230007; $75,100.00 in funds from Bank of America |
| 5 | 23-FBI-000008 | Seizure No 3780230010; $100,200.00 in funds from JP Morgan Chase |

  Finest City is the victim of the criminal offense underlying the forfeiture of this property and has suffered a pecuniary loss as a result. Finest City is the rightful owner of the funds, the government's need for the property as evidence has ended and delaying return will cause

irreparable harm to Finest City. Return of the property forthwith is the reasonable and equitable course of action given the facts here.

### I. INTRODUCTION

Finest City is a California corporation licensed as an "Escrow Agent" pursuant to Cal. Financial Code § 17000 et seq. The scope of Finest City's business includes the facilitation of real property escrow transactions by which we hold funds and documents in custody pending the fulfillment, by the applicable buyers and sellers, of all conditions required to finalize a property purchase and sale. (Declaration of Brian W. Hurley, ¶ 2)

On August 12, 2022, Finest City opened an escrow (our reference FCE-1995-BK) to facilitate the sale, by Ms. Victoria Singleton (the "Seller") to FA Service 5, Inc. (the "Buyer") of the real property commonly referred to as 7430 Lisbon Street, San Diego, California 92114 (the "Property"). (Declaration of Brian W. Hurley, ¶ 3)

In the ordinary course of this escrow transaction, Finest City sent documents and forms to the Seller and Buyer to review, sign and return. Among the forms sent to the Seller was an "Instructions for Proceeds" by which the Seller provided Finest City with a signed and notarized direction as to the bank account to which the net proceeds of sale are to be delivered, via wire transfer, at the time the escrow closed. (Declaration of Brian W. Hurley, ¶ 4)

On September 12, 2022, Finest City was contacted via telephone by a person now known to have been fraudulently impersonating the Seller (the "Impersonator"). The Impersonator advised a Finest City employee that she wished to change the bank account she had designated for receipt of her proceeds. The employee advised the Impersonator that Finest City could only accept proceeds instructions in writing and then, only if notarized. The Impersonator sent Finest City an email (Declaration of Brian W. Hurley, ¶ 6, Exhibit "A") to which the employee replied by attaching a blank version of our Instructions for Proceeds form. The Impersonator returned a completed, signed, and notarized form (Declaration of Brian W. Hurley, ¶ 6, Exhibit "B") identifying a Wells Fargo Bank account to which funds were to be transmitted at closing.

At closing on October 12, 2022, based on the information provided on the fraudulent form, Finest City transmitted $414,263.36 to the identified Wells Fargo Bank account (Declaration of

Brian W. Hurley, ¶ 7, Exhibit "C").

On Friday, October 14, 2022, the Seller called Finest City to inquire about the status of her proceeds wire. The employee advised her by phone that the escrow had closed two days earlier and that the proceeds had been transmitted by wire to the Wells Fargo account provided on the updated form. The Seller clarified that she had never sent an updated form, that she only banked with Union Bank, and that she had not received her funds.

Finest City immediately (i) contacted its bank (AXOS Bank in San Diego, the issuing bank of the transmitted wire) and asked that it immediately recall the wire to Wells Fargo; (ii) filed an IC3 with the FBI's Internet Crime Compliance Center; (iii) contacted the FBI's San Diego field office and engaged Special Agent Alexander E. Murray to tag the IC3 and to make contact with Wells Fargo Bank (Declaration of Brian W. Hurley, ¶ 9, Exhibit "D"); and (iv) contacted the FBI's Cyber Crime Unit, based in Los Angeles, to engage a Special Agent to freeze the misdirected funds.

Throughout the FBI's pursuit of the stolen monies, Finest City has maintained consistent and continuing contact with Special Agent Murray and has provided copies of file documents and other materials to assist with the FBI investigation.

The California Department of Financial Protection and Innovation (DFPI), the state agency responsible for overseeing and regulating licensed Escrow Agents, required Finest City to provide funds to the actual Seller in the full amount of the calculated sale proceeds (Declaration of Brian W. Hurley, ¶ 11, Exhibit "E"). The shareholders of Finest City were required to add capital to Finest City in the amount of $414,263.36 to permit Finest City to reimburse the actual Seller in full.

Of the total of $414,263.36 stolen, Finest City has recovered only $6,567.19. As noted above, upon discovering the fraud, Finest City contacted its bank, AXOS Bank, to recall the wire. Unfortunately, Wells Fargo Bank reported that only $6,567.19 remained of the $414,263.36 transmitted (Declaration of Brian W. Hurley, ¶ 12, Exhibit "F"). Finest City has suffered a loss of $407,696.17.

Special Agent Alex Murray traced the misdirected funds belonging to Finest City from

the Wells Fargo account to the accounts identified as Asset ID 23-FBI-000004, 23-FBI-000005, 23-FBI-000006, 23-FBI-000007, and 23-FBI-000008. It is thus clear the: (i) $407,700.00 U.S. Currency seized by the United States of America and identified as Asset ID 23-FBI-000004, 23-FBI-000005, 23-FBI-000006, 23-FBI-000007, and 23-FBI-000008 are the funds belonging to Finest City (Declaration of Brian W. Hurley, ¶ 13, Exhibit "G"); (ii) funds seized are not contraband, but simply the funds inadvertently delivered to the Impersonator during the closing of the escrow of the Property (Declaration of Brian W. Hurley, ¶ 14); and (iii) the government's need for the property as evidence has ended (Declaration of Brian W. Hurley, ¶ 15).

## II.   THE LAW

### A. Applying Federal Rule of Criminal Procedure Rule 41(g) to the Current Situation.

Federal Rule of Criminal Procedure Rule 41(g) provides:

> "A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings."

Motions under Rule 41(g) are equitable in nature, so a court must account for all equitable considerations. *United States v. Martinson*, 809 F.2d 1364, 1369 (9th Cir. 1987). The instant case presents a simple set of facts. The district court may exercise jurisdiction over a motion for the return of property even when no criminal proceedings are pending because "[s]uch an action is treated as a civil proceeding for equitable relief." See *United States v. Peloro*, 488 F.3d 163, 172 (3d Cir. 2007).

The Ninth Circuit has also held that a district court has jurisdiction to entertain motions to return property seized by the government when there are no criminal proceedings pending against the movant. *United States v. Martinson*, 809 F.2d 1364, 1366-67 (9th Cir. 1987); See, e.g., *Richey v. Smith*, 515 F.2d 1239, 1243 (5th Cir. 1975). Such motions are treated as civil equitable proceedings even if styled as being pursuant to Fed. R. Crim. P. 41(e).[1] *Id*. In ruling on the

---

[1] The cases refer to FRCP 41(e) which is the current FRCP Rule 41(g).

motion, the court must take into account all equitable considerations. 809 F.2d at 1367. The Ninth Circuit has adopted the *Richey*[2] factors when considering whether the merits of a pre-indictment 41(g) motion. *Ramsden v. United States*, 2 F.3d 322, 325 (9th Cir. 1993). The four factors a district court should consider in deciding whether to entertain a Rule 41(g) motion made prior to the initiation of criminal proceedings are (1) whether the Government displayed a callous disregard for the constitutional rights of the movant; (2) whether the movant has an individual interest in the property and wants the property returned; (3) whether the movant would be irreparably injured by denying return of the property; and (4) whether the movant has an adequate remedy at law for redress of his grievance. *Id*.

Ordinarily, the movant has the burden of demonstrating that it is (1) entitled to lawful possession of the seized property; (2) the property is not contraband; (3) either the seizure was illegal or the government's need for the property as evidence has ended." *United States v. Van Cauwenberghe*, 827 F.2d 424, 433 (9th Cir. 1987); see also *United States v. Mills* (Generally, a Rule 41(e)[3] motion is properly denied if the defendant is not entitled to lawful possession of the seized property, the property is contraband or subject to forfeiture or the government's need for the property as evidence continues." (citing *United States v. Cauwenberghe*, 934 F.2d 1048, 1061 (9th Cir. 1991)). In most cases, the Government opposes the property's return. That is not the case here as movant is an innocent third party, and no criminal proceedings are pending.

After there is no longer an evidentiary need for the item seized, "the person from whom the property is seized is presumed to have a right to its return, and the government has the burden of demonstrating it has a legitimate reason to retain the property. *United States v. Martinson*, 809 F.2d 1364, 1369 (9th Cir. 1987).

**B.**   **The Claim of Elah Abbas is Inferior to that of Finest City Escrow.**

Mr. Abbas claims that he is entitled to $75,400 of the funds identified as Asset ID 23-FBI-000005 (Declaration of Neil M. Popowitz, Exhibit "H"). He has made no claim to the funds

---

[2] *Richey v. Smith*, 515 F.2d 1239, 1243 (5th Cir. 1975).
[3] See Footnote 1.

identified as Asset ID 23-FBI-000004, 23-FBI-000006, 23-FBI-000007 and 23-FBI-000008. As the sole claimant of these funds, Finest City Escrow is entitled to said funds.

Mr. Abbas' claim as to the funds identified as Asset ID 23-FBI-000005 is based on the following:

> "I own a party promoting and private event planning company called Entourage Detroit, LLC. I entered into an agreement with an individual (goes by "Boston") in October 2022 to host a party in Chicago in March 2023. I advised "Boston" that I need a deposit in the amount of $75,400.00. "Boston" advised that he (or someone under his direction) will deposit a check in my business account in the amount of $75,400. The deposit as made on or about October 13, 2022. I then was advised by Bank of America that my account has been closed and the money seized. When I relayed this information to "Boston", he seized (sic) to answer any further calls or text messages from me."

Takings Mr. Abbas' statement at face value, he entered into an oral contract to plan a party for someone named "Boston". A deposit of $75,400 was made into Mr. Abbas' bank account on October 13, 2022, the day *after* Finest City was duped into wiring the $414,263.36 to Wells Fargo. When Mr. Abbas' bank account was closed, and the funds seized, he contacted "Boston", who apparently disappeared.

What Mr. Abbas doesn't say is that he expended any time or funds in planning the party or otherwise performed on the agreement with the mysterious "Boston". Nor does he claim that the party took place, as contracted, in March 2023.

The bottom line appears to be that Mr. Abbas is seeking to keep Finest City's stolen funds based only on the fact that $75,400 was briefly deposited in his account, on a contract that he has not himself fulfilled, nor does it appear that it will ever be fulfilled.

As noted above, this court may exercise jurisdiction over a motion for the return of property even when no criminal proceedings are pending because "[s]uch an action is treated as a civil proceeding for equitable relief." See *United States v. Peloro*, 488 F.3d 163, 172 (3d Cir. 2007). In balancing the equities as between Finest City and Mr. Abbas, the answer should be clear-cut. The money belongs to Finest City. Mr. Abbas, presumably unknowingly, received what were stolen funds. Before he could act in reliance on having received a deposit, the funds were tracked and seized by the United States. There is no equitable basis for Mr. Abbas to keep the $75,400 he is claiming from Asset ID 23-FBI-000005.

## II. CONCLUSION

It is respectfully submitted that $407,696.17 of the $407,700.00 of the U.S. Currency seized by the United States of America and identified as ASSET IDS 23-FBI-000004, 23-FBI-000005, 23-FBI-000006, 23-FBI-000007, AND 23-FBI-000008 rightfully belong to Finest City Escrow, Inc., that return of the property forthwith is the reasonable and equitable course of action given the facts here, and that an order returning said funds to Finest City Escrow, Inc. is warranted.

DATED: April 6, 2023

Respectfully submitted,
**RELAW, APC**

By: _____
     Neil Popowitz, Esq.
Attorneys for FINEST CITY ESCROW, INC.
Email: neil@relawapc.com

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RETURN OF PROPERTY PURSUANT TO FRCP 41(G)

RELAW, APC
2535 Townsgate Road, Suite 207 • Westlake Village, CA 91361
(805) 265-1031 (Telephone) • jennifer@relawapc.com (Email)